UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Brandon J. Hollimon, | Case No. 2:25-cv-01286-BNW |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| Nye County Sheriff's Office, et al., | |
| Defendants. | |

On July 15, 2025, pro se Plaintiff filed initiating documents with this Court but did not file an application to proceed *in forma pauperis* nor pay the filing fee. ECF No. 1. Two days later, this Court entered a minute order directing Plaintiff to either file the application to proceed *in forma pauperis* or pay the filing fee by August 15, 2025. ECF No. 4. This Court warned Plaintiff that his case may be dismissed for failure to comply with the order. *Id.* Plaintiff has not filed an application to proceed *in forma pauperis*, has not paid the filing fee, and has not moved for an extension of time to do so even though the deadline has passed. As a result, this Court recommends that the case be dismissed without prejudice and closed.

The law permits a district court to dismiss an action based on a party's failure to prosecute his case or comply with a court order. *See Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); s*ee also Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint). In determining whether to dismiss an action, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *In re Phenylpropanolamine Prod. Liab.*

*Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal of Plaintiff's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits— weighs against dismissal.

The fifth factor requires the court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the court's need to consider dismissal. Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because Plaintiff cannot proceed in this action cannot without filing an application to proceed *in forma pauperis* or paying the filing fee, the only alternative is to enter a second order setting another deadline. The circumstances here do not indicate that Plaintiff needs additional time nor is there evidence that he did not receive this Court's order. Setting another deadline is not a meaningful alternative given these circumstances. So, the fifth factor favors dismissal.

In balance, the factors above favor a recommendation of dismissal. *See Hernandez v. City of El Monte*, 138 F.3d 393 (9th Cir. 1998) (holdings dismissal is proper where least four factors support dismissal or where at least three factors "strongly" support dismissal).

/ /

/ /

/ /

/ /

/ /

/ /

/ /

1  **IT IS RECOMMENDED that THIS ACTION BE DISMISSED** for failure file an
2  application to proceed *in forma pauperis* or to pay the filing fee.

3  <u>**NOTICE**</u>

4  This report and recommendation is submitted to the United States district judge assigned
5  to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation
6  may file a written objection supported by points and authorities within fourteen days of being
7  served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely
8  objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153,
9  1157 (9th Cir. 1991).

11  DATED: September 15, 2025

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE