# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Brandon J. Holliman,

    Plaintiff

v.

Nye County Sheriff's Office, et al.,

    Defendants

Case No. 2:25-cv-01286-CDS-BNW

**Order Adopting Magistrate Judge's Report and Recommendation**

[ECF No. 7]

    Plaintiff Brandon Holliman, proceeding pro se, brings this lawsuit under 18 U.S.C. § 2511, the Electronic Communications Privacy Act, alleging that his electronic communications were intercepted. Compl., ECF No. 1-1. Holliman filed his complaint but failed to submit an application to proceed *in forma pauperis* (IFP) or, in the alternative, pay the civil-case filing fee. United States Magistrate Judge Brenda Weksler ordered Holliman to either file a fully complete IFP application or pay the $405 filing fee, but he did neither. Order, ECF No. 4. After the August 15, 2025 deadline expired without Holliman complying or otherwise responding, Judge Weksler issued a report and recommendation (R&R) that this case be dismissed. R&R, ECF No. 7.

    Holliman had until September 29, 2025, to file any specific, written objections to the magistrate judge's R&R. *Id.* at 3 (citing Local Rule IB 3-2 (stating that parties wishing to object to the findings and recommendations must file specific written objections within fourteen days)); *see also* 28 U.S.C. § 636(b)(1)(C) (same). That deadline has also passed, and Holliman has not objected to the dismissal recommendation. The law is clear that "no review is required of a magistrate judge's report and recommendation unless objections are filed." *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

Although de novo review is not required, I nonetheless make an independent review here. Federal law requires a party initiating a civil lawsuit to pay a filing fee and an administrative fee. 28 U.S.C. §§ 1914(a), (b). However, if a plaintiff is unable to pay such fees, 28 U.S.C. § 1915 allows a district court to authorize the commencement of a civil action through an IFP application. 28 U.S.C. § 1915(a)(1). Indeed, I find that the record demonstrates that, despite an opportunity to do so, Holliman did not submit an IFP application or pay the civil filing fee.[1] In light of this, Judge Weksler considered the *In re Phenylpropanolamine Prod. Liability Litigation* dismissal factors and found they strongly weighed in favor of dismissal. ECF No. 7 at 2–3 (citing 460 F.3d 1217, 1226 (9th Cir. 2006)) (citation omitted). This litigation cannot move forward without the participation of the plaintiff, and because Holliman has failed to update his address, issuing another order is not a meaningful alternative in this circumstance. *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) ("An order to show cause why dismissal was not warranted or an order imposing sanctions would only find itself taking a round trip tour through the United States mail."). So I agree that there are no alternative sanctions other than dismissal when a court cannot contact Holliman to communicate the alternatives. For those reasons, I accept the R&R in its entirety and dismiss this matter.

## Conclusion

It is hereby ordered that the magistrate judge's report and recommendation **[ECF No. 7] is accepted and adopted in full**, therefore Holliman's complaint is dismissed without prejudice. The Clerk of Court is kindly directed to enter judgment accordingly, and to close this case.

Dated: October 10, 2025

_____
Cristina D. Silva
United States District Judge

---

[1] Although a minute order and the R&R were returned as undeliverable, Judge Weksler's order instructing Holliman to file an IFP application or pay the filing fee was not returned as undeliverable. Holliman has therefore also failed to notify the court of his current address, a violation of Local Rule IA 3-1 ("pro se party must immediately file with the court written notification of any change of mailing address").